**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| THE MAYOR AND CITY COUNCIL OF BALTIMORE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. JKB-12-0614 |
| UNISYS CORPORATION, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

This case has been referred to a magistrate judge to resolve discovery-related issues. ECF No. 25. This Memorandum and Order addresses Defendant's Motion to Compel, ECF No. 28, and the opposition and reply thereto. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, Defendant's Motion is GRANTED IN PART and DENIED IN PART.

Plaintiffs, the Mayor and City Council of Baltimore ("the City"), have sued Defendant Unisys Corporation ("Unisys"), alleging breach of contract. On October 24, 2012, the City served its answers and objections to Unisys's first set of interrogatories. After efforts to resolve perceived deficiencies, Unisys served a Motion to Compel on the City on November 21, 2012. On December 7, 2012, the City served supplemental answers to four of the disputed interrogatories. Because the supplemental answers did not resolve the dispute, the parties finished briefing the motion to compel pursuant to Local Rule 104.8, and engaged in the required

conference. The motion was then filed with this Court. Each of the five disputed interrogatory responses is addressed below:[1]

      I.      INTERROGATORY NO. 4 (Identify Deficient Configuration Items)

The City's supplemental response does not adequately answer the question posed. The City is entitled to take the position that all of the Configuration Items ("CIs") failed to meet contractual requirements, but to respond fully to the interrogatory, the City must state how each CI was deficient. Reference to specific documents produced in discovery is, of course, permissible. However, the City must provide more precise information, either through narrative answer or through document citations, about how it intends to prove its claims that each CI failed to meet specifications.

      II.      INTERROGATORY NO. 6  (Identify Delays Attributable to Unisys)

The City's supplemental response is adequate, with one exception. The City has identified specific instances of delay it attributes to Unisys, and has cited to specific supporting documentation for its contentions. However, the City must identify all witnesses with knowledge of the alleged delays.

      III.      INTERROGATORY NO. 7 (Basis for Paragraph 16 of the Complaint)

The City's supplemental response is adequate. The City has answered the interrogatory by stating the basis for the assertion it made in paragraph 16 of its Complaint. Unisys may disagree that the basis cited by the City establishes that the resources Unisys devoted to the project were inadequate, but that is an argument properly advanced at trial.

---

[1] According to the Local Rule 104.7 certification filed with the Court, following the parties' January 11, 2013 teleconference, the City's counsel agreed to supplement its answer to Interrogatory No. 16. As a result, this Court will not address that interrogatory.

      IV.    INTERROGATORY NO. 10 (Basis for Decision to Terminate the Contract)

The City's supplemental response is adequate. The City has clearly expressed that, in December, 2010, the parties agreed that there were approximately 217 agreed upon Priority "A" issues, any of which were severe enough to prevent the system from going live. The City has also stated the basis for its decision to terminate the contract, and has provided the names of the individuals responsible for making the decision. Unisys's contention that the interrogatory requires further information about specific breaches occurring in December, 2010 lacks merit.

      V.    INTERROGATORY NO. 20 (Identifying Admissions Against Interest)

The City's response to this interrogatory is not adequate. The City apparently believes that Unisys has made admissions against interest that are relevant to the City's claims, based upon its identification of four "categories" of such admissions. Pl. Ans. to Interrog. 20. The City's categorical identification is insufficient. To fulfill the requirements of the Interrogatory, the City must either identify the alleged admissions with more specificity (including the identity of the Unisys employee or agent making the alleged admission), or provide reference to specific documents containing the alleged admissions.

The City should provide the responses ordered herein on or before **February 28, 2013**. Because the motion to compel was granted and denied in relatively equivalent proportion, an award of expenses is not appropriate.

So ordered.

Dated: January 30, 2013                                               /s/
                                                                  Stephanie A. Gallagher
                                                                  United States Magistrate Judge