UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 22, 2013

LETTER TO COUNSEL:

      RE:    *The Mayor and City Council of Baltimore v. Unisys Corporation;*
               Civil No. JKB-12-0614

Dear Counsel:

     This case has been referred to me for discovery and related scheduling matters. I am in receipt of ECF No. 37, which consists of Plaintiff Mayor and City Council of Baltimore's Motion to Compel Discovery Responses from Defendant Unisys Corporation ("Unisys"), Unisys's Opposition, and Plaintiff's Reply. Unisys also filed a Motion for Leave to File Surreply, [ECF No. 40], which was unopposed. Unisys's Motion will be granted, and I have therefore considered the surreply in evaluating the Motion to Compel. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, Plaintiff's Motion to Compel is granted in part and denied in part.

     When Plaintiff's Motion to Compel was drafted, the parties' dispute included seven interrogatories and one request for production of documents. Mot. 1. The dispute has since narrowed, as a result of supplemental responses and productions by Unisys. According to Unisys's surreply, the remaining disputes involve Interrogatories Nos. 8, 16, and 19. Each is addressed sequentially below.

     **(1)    Interrogatory No. 8 (List of persons who worked on project)**

     Unisys's supplemental response to this interrogatory remains inadequate. The interrogatory requested identification of individuals who worked on the project, the dates of the work, the scope of responsibilities, and the reasons for removal from the project. The supplemental response provides the list of individuals and the dates of the work, but refers broadly to the document production for the remaining answers. Unisys's identification of categories of documents that might contain the responses (particularly "the remainder of Unisys's business records") is not helpful. Moreover, Unisys's position that "the burden of deriving or ascertaining those answers is substantially the same for the City as for the [sic] Unisys" is flawed. Unisys Supp. Ans. to Interrog. 8. The business records cited are Unisys's records, and the individuals listed were employees of Unisys or its subcontractors. Unisys clearly has more information about the documents most likely to contain the scope of an individual's responsibility and/or the reasons an individual terminated work on the project. To answer the Interrogatory, Unisys must either provide the requested information in narrative form, or provide reference to specific documents containing the alleged admissions.

*The Mayor and City Council v. Unisys Corporation*
Civil No. JKB-12-0614
March 22, 2013
Page 2

    **(2)   Interrogatory No. 16 (Facts Supporting the Notion that the Tax System was Ready for Acceptance Testing)**

Plaintiff is dissatisfied with the level of detail provided in response to Interrogatory No. 16.  However, the narrative supplemental answer sufficiently responds to the question posed, particularly because it refers to Unisys's response to Interrogatory No. 14.  That response provides additional detail responsive to Interrogatory No. 16, including citation to particular documents bearing on the question posed.  In addition, Plaintiff has sufficiently identified responsive categories of documents.  In light of the production of the responsive information, no further response to Interrogatory No. 16 is warranted.

    **(3)   Interrogatory No. 19 (Describe Implementation of Similar Software in Other Jurisdictions)**

In this interrogatory, Plaintiff seeks information regarding implementation or attempted implementation of identical or similar software in other jurisdictions.  Unisys objects on relevance grounds, and has not answered the interrogatory.  I agree that the information sought in Interrogatory No. 19 is irrelevant, except as it pertains to problems associated with implementation of the same software that was used for the Baltimore City project.

Plaintiff contends that the information would be relevant to show (1) Unisys's prior knowledge of the software's failure in other jurisdictions; or (2) the alleged falsity of Unisys's counter-claim that the City caused the system to fail.  Those arguments are valid only if the same software was employed, and failed, in other jurisdictions.  Use of the term "substantially similar" renders the interrogatory both vague and irrelevant.  The scope of Interrogatory No. 19 therefore is limited as follows:  "Unisys should identify any instances of implementation or attempted implementation of the same software in other jurisdictions where implementation was unsuccessful, including whether or not there was litigation regarding the implementation, and the identity of any documents concerning your response."

For the reasons set forth herein, Plaintiff's Motion to Compel (ECF No. 37) will be GRANTED IN PART and DENIED IN PART, and Unisys's Motion for Leave to File Surreply (ECF No. 40) will be GRANTED.  Unisys should provide the responses required herein on or before April 22, 2013.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.

                                    Sincerely yours,

                                    /s/

                                  Stephanie A. Gallagher
                                  United States Magistrate Judge