UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 9, 2013

LETTER TO COUNSEL:

    RE:    *The Mayor and City Council of Baltimore v. Unisys Corporation*;
                Civil No. JKB-12-614

Dear Counsel:

      I am in receipt of Defendant Unisys Corporation's ("Unisys's") Motion for Enforcement of the Court's Order and for Sanctions [ECF No. 44], Plaintiff The Mayor and City Council of Baltimore's Opposition [ECF No. 45], and Unisys's reply [ECF No. 54]. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated below, Unisys's motion is GRANTED in part and DENIED in part, and no award of fees or costs is appropriate.

      On January 30, 2013, I ordered Plaintiff to supplement its answer to Unisys's Interrogatory No. 4. Specifically, my Order stated:

> The City's supplemental response does not adequately answer the question posed. The City is entitled to take the position that all of the Configuration Items ("CIs") failed to meet contractual requirements, but to respond fully to the interrogatory, the City must state how each CI was deficient. Reference to specific documents produced in discovery is, of course, permissible. However, the City must provide more precise information, either through narrative answer or through document citations, about how it intends to prove its claims that each CI failed to meet specifications.

[ECF No. 29, at 2]. On February 28, 2013, Plaintiff provided a Supplemental Answer to the interrogatory, which included significant detail about alleged failures pertaining to each of 15 specific Configuration Items. [ECF No. 44-2]. Unisys's current position is that the Supplemental Answer still fails to identify "the name and section (or page number) of the specification or requirement ID [the Configuration Item] failed to meet." Although that phrase was included in the original Interrogatory, it was not included in my January 30, 2013 Order. Therefore, the City did not breach my Order by providing its Supplemental Answer without that information.

      Many of Unisys's arguments appear to focus on whether or not certain alleged failures amount to violations of contractual terms. Those arguments are better suited for trial, not for discovery. It appears that the disconnect between the parties relates to each party's perception of

*The Mayor and City Council of Baltimore v. Unisys Corporation*
Civil No. JKB-12-614
April 9, 2013
Page 2

what the City's proof at trial will look like.  The City has alleged that the contract required Unisys to provide a system that would provide "the basic functionality to administer real and personal property taxes," and that the system provided by Unisys did not do so.  Unisys appears to believe that the City will have to establish breaches of specific contractual terms.

It is clear that Unisys's Interrogatory No. 4 is designed to ferret out the basis for the City's argument that the contract has been breached.  To the extent that the City will rely on the argument that, overall, a functional system was not provided by Unisys, then the City's current Supplemental Interrogatory response is sufficient.  However, the City will be afforded one additional period of three weeks from the date of this order to supplement its Interrogatory response to add any other particular contractual provisions or terms that it alleges were breached, including "the name and section (or page number) of the specification or requirement ID."  If no further supplement is provided, then the City's case at trial will be limited to proving its argument regarding the overall functionality of the system (obviously, using specific examples of lack of functionality but without reference to precise contractual terms).

As this dispute arises out of a disconnect regarding the way the City will prove its case at trial, I find that both parties are advancing justifiable arguments.  No award of fees is therefore appropriate.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed as such.

                                               Sincerely yours,

                                               /s/

                                             Stephanie A. Gallagher
                                             United States Magistrate Judge