IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE MAYOR AND CITY COUNCIL
OF BALTIMORE

Plaintiff,

v.  Case No.: JKB-12-cv-614

UNISYS CORPORATION,

Defendant

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff , The Mayor and City Council of Baltimore, ("the City") has filed suit against Defendant Unisys Corporation ("Unisys") alleging breach of contract.[1] The Complaint alleges that Unisys agreed to overhaul the City's existing tax assessment and collection system through the implementation of an Integrated Property Tax System project ("IPTS"). *See* Compl. ¶ 7–12. The Complaint further alleges that Unisys breached this contract when it failed to deliver a functional system after approximately nine years and the City's expenditure of more than eight million dollars. *Id.* at ¶ 24, 29. The parties have engaged in several discovery disputes since the start of litigation. Currently pending before the Court is Unisys's Motion to Strike And/Or Preclude Plaintiff's Rebuttal Experts. [ECF No. 82].

In its motion, Unisys argues that the City's disclosure of two rebuttal witnesses is improper because the witnesses are not, in fact, rebutting any of the opinions offered by Unisys's experts. *See* Def.'s Mot. To Strike And/Or Preclude Pl.'s Rebuttal Experts, [ECF No. 82]. Unisys

---

[1] The Complaint also alleged the following claims: breach of express warranties, unjust enrichment, negligent misrepresentation, and intentional misrepresentation. On August 16, 2012, Judge Bredar granted Unisys's Motion to Dismiss certain claims. *See* [ECF Nos. 17, 18].

1

believes the City is misleading the court by labeling its witnesses as rebuttal witnesses in an attempt to "'game the system' by waiting to see who Unisys identified and then identifying supplemental experts…" *Id.* at 1. Consequently, Unisys urges this Court to preclude the City's purported rebuttal witnesses from testifying at trial pursuant to Rule 37(c) of the Federal Rules of Civil Procedure. The issues have been briefed and no hearing is required. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, the motion is DENIED, but the scheduling order will be modified to address Unisys's concerns.

## I. BACKGROUND

This Court has already extended the deadline for the parties' expert witness disclosures several times. The Court first entered a Scheduling Order on September 10, 2012. *See* [ECF No. 24]. According to that Order, the City's 26(a)(2) expert disclosures were due on January 15, 2013. Likewise, Unisys's expert disclosures were due on February 15, 2013. *See* [ECF No. 24]. In accordance with the original Scheduling Order, the City named one expert, F. Guy Bonney. The written report accompanying the disclosure of Bonney as an expert witness was limited to a discussion of the functionality, or lack thereof, of the IPTS software that Unisys provided to the City. *See* [ECF No. 82] Ex. 1. Unisys also timely disclosed a liability expert, Edward Yourdon, and a damages expert, Elizabeth Dean.

The Court amended its original Scheduling Order and extended the deadline for the City's expert rebuttal disclosures from March 1, 2013 to May 1, 2013. *See* [ECF No. 36]. Upon a joint motion by the parties, the Court further modified the Scheduling Order to allow a deadline of June 1, 2013 for the City's expert rebuttal disclosures. *See* [ECF No. 58]. Upon the City's motion and Unisys's consent, this Court granted an additional extension for the City's rebuttal disclosures to June 21, 2013. *See* [ECF No. 71]. On that date, the City disclosed two rebuttal

witnesses, Chad L. Staller, a damages expert, and Marilyn Hallstrom, a liability expert. A written report accompanied each disclosure. *See* [ECF No. 82] Ex. 4.

## II. LEGAL STANDARD

A party must disclose to its adversary the identity of any witness it plans to call at trial for the presentation of evidence. Fed. R. Civ. P. 26(a)(2)(A). A witness that is retained solely to provide expert testimony must prepare and sign a detailed written report that includes

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). A party must also disclose a rebuttal witness whose testimony is "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)…" Fed. R. Civ. P. 26(a)(2)(D)(ii). This disclosure must be made within 30 days after the other party's disclosure, or in accordance with a stipulation or court order. *Id.*

## III. ANALYSIS

### A. Marilyn Hallstrom's Expert Report

Unisys moves to strike Marilyn Hallstrom as a rebuttal witness because it believes her written report does not rebut the report of its liability expert, Edward Yourdon. *See* [ECF No. 82] at 6. Unisys argues that Hallstrom's report discusses in general terms the baseline functions of a property tax system and fails to "discuss or to cite any specific requirements of the parties'

3

contract." Rep. to Resp. to Mot. to Strike and/or Preclude Pl's. Rebuttal Experts 4, [ECF No. 89]. Unisys also claims that Hallstrom's report merely "echoes the opinion" of the City's earlier-disclosed liability expert, F. Guy Bonney. *Id.* In order to determine whether Hallstrom's report actually contradicts or rebuts evidence on the issue of liability, one must examine the conclusions of Unisys's liability expert.

Edward Yourdon was tasked, in part, with analyzing the conclusions of the City's liability expert and determining the readiness of the IPTS for a formal User Acceptance Test. With respect to the latter assignment, Yourdon concluded that the IPTS "was ready, and had satisfied the prerequisite conditions required for the parties, to carry out a formal User Acceptance Test." *See* [ECF No. 82] Ex. 2, at 7. Specifically, Yourdon opined that "[t]he User Acceptance Test was the contractually required way to proceed after the development effort and system testing had been carried out by UNISYS." *Id.* at 9. Yourdon also noted that the User Acceptance Test was "described in detail in the Acceptance Test Strategy" and "[t]here was no contractual requirement for the User Acceptance Test to be error-free." *Id.* at 9-10.

In rebuttal, Hallstrom's report largely noted general disagreement with two of Yourdon's broader conclusions – that the IPTS "had satisfied the prerequisite conditions required for the parties, to carry out a formal User Acceptance Test" and that the IPTS "was ready for the parties to carry out a formal [U]ser Acceptance Test." [ECF No. 82] Ex. 7, at 2. Hallstrom then explained the basis for her opinion by outlining the minimum industry requirements of a property taxation system. She reduced these requirements to three activity sets – maintenance activities, processing activities, and reporting activities. *Id.* at 3. In each category, she briefly described the defects of the IPTS as compared to acceptable industry standards. Hallstrom also specifically analyzed results from prior IPTS testing in 2010 and 2011. *Id.* at 9–12.

4

I find that as a whole, Hallstrom's written report refutes the core conclusions raised in Yourdon's report and thus qualifies as a proper Rule 26(a)(2) rebuttal disclosure. Hallstrom's discussion of the basic requirements of a property taxation system and the ways in which the IPTS fell short of these requirements directly counters Unisys's argument that the system was prepared for formal acceptance testing. I also find that Hallstrom's report does not "echo" the report of the City's other liability expert, F. Guy Bonney. It is of no surprise that Hallstrom's report shares similarities with the report of Bonney, as both take the same position—that the IPTS was not ready for User Acceptance Testing. Unisys's motion to preclude Marilyn Hallstrom as a rebuttal witness is therefore DENIED.

### B. Chad Staller's Expert Report

Unisys also moves to preclude Chad Staller, the City's damages expert, from testifying. Unisys finds several problems with Staller's written report, namely that it fails to rebut the report of Unisys's damages expert, Elizabeth Dean. *See* [ECF No. 82] at 5. Unisys further argues that Staller rests his analysis on the assumption that the City will prevail on its claims, an assumption never addressed in Dean's report. *Id.* Finally, Unisys argues that Staller's report includes an opinion on punitive damages, which were not the subject of Dean's report, and that Staller's report references an unjust enrichment claim that is now moot. *Id.* at 5–6.

Dean's report addressed financial damages sustained by Unisys. *See* [ECF No. 82] Ex. 3, at 2. The report provided an opinion as to the amount of damages Unisys suffered on its contract with the City, including the amount of unpaid invoices and the estimated cost of completing its obligations under the contract. *Id.* at 6. Dean concluded Unisys has incurred losses, "under the assumption that the Contract would have been completed but-for the City's alleged breach." *Id.* at 7. Dean calculated a total of nearly thirteen million dollars in direct incurred costs by Unisys

5

through January 20, 2012. *Id.* That amount, less the payments made by the City, results in direct losses of more than four million dollars. *Id.* Dean's report did not consider any economic loss to the City on the contract.

Conversely, the City's "rebuttal" report "accounts for the economic loss to Baltimore, as well as the expected economic benefits that would have been conferred on Baltimore by the successful completion of the Contract." [ECF No. 82] Ex. 6, at 2. The report states that it is in rebuttal to the Dean report because Dean's report "is based only upon the assumption that 'the Contract would have been completed but for the City's alleged breach'…[and] fails to take into consideration the economic losses suffered by the City as a result of Unisys not providing the City with a functioning tax system." *Id.* at 2. Thus, the question this Court must decide is whether Staller's report, which only addresses the City's damages, contradicts or rebuts Unisys's evidence regarding its own damages in its breach of contract counterclaim. I find that it does not.

Notably, despite initiating the suit against Unisys, the City did not disclose a damages expert at the initial 26(a)(2) disclosure deadline in January. Rather, the City waited until the rebuttal disclosure deadline to designate Chad Staller as its expert witness. By virtue of addressing its own damages and never countering Unisys's position that it is owed damages on its counterclaim, the City's report cannot be considered proper rebuttal. I find it difficult to even classify the City's report as falling within the "same subject matter" as Unisys's report, because it never discusses Unisys's alleged incurred costs on the contract. Moreover, the section of the City's report that analyzes its own economic loss begins with a discussion of unjust enrichment, a claim that Judge Bredar dismissed more than a year ago. *See* [ECF No. 18]; [ECF No. 82] Ex. 6, at 4. I find that in addressing its own damages and ignoring the subject of Unisys's damages

altogether, the City's report cannot be considered a proper rebuttal disclosure. The City's disclosure is more accurately described as an untimely 26(a)(2) initial expert disclosure.

### C. The City's disclosure of its damages expert is untimely, however, it does not merit exclusion at trial.

Having concluded that the City's disclosure of Staller as a damages expert was untimely, this Court must now determine the appropriate sanction. Unisys contends that the appropriate sanction for the City's improper rebuttal disclosure lies in the "automatic exclusion" provision of Rule 37(c) of the Federal Rules of Civil Procedure. Rule 37(c) provides that if a party fails to disclose a witness pursuant to Rule 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."[2] Fed. R. Civ. P. 37(c)(1). Rule 37(c) "gives teeth to the Rule 26(a)(2) requirements by 'forbidding a party's use of improperly disclosed information…'" *Ace American Ins. Co. v. McDonald's Corp.*, No. GLR-11-3150, 2012 WL 2523883, at *2 (D. Md. June 28, 2012) (quoting *Tokai Corp. v. Easton Enterprises*, 632 F.3d 1358, 1365 (Fed. Cir. 2011)). This "automatic exclusion" sanction is severe; thus "prudence dictates that counsel be as complete and thorough as possible in making and supplementing Rule 26(a)(2)(B) disclosures." *Sullivan v. Glock*, 175 F.R.D. 497, 503 (D. Md. 1997). In addition to, or in place of automatic

---

[2] District courts also have wide latitude to impose sanctions under Rule 16(f) of the Federal Rules of Civil Procedure. Rule 16(f) permits the Court to issue "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney…fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1); *see also Walker Kidde Portable Equip., Inc. v. Universal Security Instruments, Inc.*, No. 102-cv-537, 2005 WL 6043267, at *2 (M.D.N.C. July 7, 2005) ("The court looks to Rule 16(f) to determine violations for not disclosing expert reports at the time required under the scheduling order, and to determine sanctions."); *Akeva LLC v. Mizuno Corp.*, 212 F.R.D. 306, 309 (M.D.N.C. 2002) ("When a dispute arises concerning violation of expert disclosure obligations pursuant to a court-approved discovery plan, the Court should first look to Rule 16(f) for determining both compliance and sanctions, as opposed to Rule 37(c)."). Under both 16(f) and 37(c), courts apply the same analysis and consider the five factors articulated in *Southern States Rack & Fixture Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). *See East West, LLC v. Rahman*, No. 1:11 CV 1380, 2012 WL 4105129, at *6 (E.D. Va. Sept. 17, 2012); *Luma Corp. v. Stryker Corp.*, 226 F.R.D. 536, 541–44 (S.D.W.Va. 2005) (applying the five *Southern States* factors to untimely disclosed expert reports and finding that the Plaintiff suffered no surprise that could not be cured).

exclusion, Rule 37(c) also permits the court to "order payment of the reasonable expenses, including attorney's fees caused by the failure, inform the jury of the party's failure, and impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1).

District courts have broad discretion in determining whether a nondisclosure is substantially justified or harmless. *See Carr v. Deeds*, 453 F.3d 593, 602 (4th Cir. 2006). In *Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003), the Fourth Circuit set forth several factors to guide district courts in making this determination. A court may consider "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *S. States Rack & Fixture*, 318 F.3d at 597. District courts need not expressly consider each *Southern States* factor when evaluating discovery violations. *See Hoyle v. Freightliner LLC*, 650 F.3d 321, 330 (4th Cir. 2011).

The City contends that all of the factors weigh against exclusion of its expert. *See* Pl.'s Resp. in Opp'n to Def.'s Mot. to Strike and/or Preclude Pl.'s Rebuttal Experts 9, [ECF No. 87]. With respect to the first two factors, the City minimizes the risk of surprise to Unisys by noting that the discovery period has not yet ended and a trial date for the case has not been set. *Id.* Unisys counters and states that admission of such a late disclosure would be "severely prejudicial, costly, and impractical" because it would force Unisys to "pursue additional discovery on newly disclosed matters and theories." [ECF No. 89] at 7. Although the City's damages expert was disclosed to Unisys nearly two months ago and a trial date has not been set,

the September 16, 2013 deadline for discovery is fast approaching. *See* [ECF No. 79]. The ability of Unisys to cure the surprise of a late disclosure is significantly limited in light of the impending deadline. However, considering the importance of the evidence as required by the fourth factor, a wholesale exclusion of the City's only damages expert would utterly hamstring the City's ability to prove its case.

Given the broad discretion district courts have in weighing these factors, the appropriate resolution in this case is to treat the City's disclosure of its damages expert as an untimely Rule 26(a)(2) disclosure that can be rendered harmless by a modification of the schedule.[3] I will grant Unisys 30 days to conduct additional discovery related to Staller's report, and to submit a report in rebuttal. The discovery deadline will be amended to reflect the limited one-month extension. "Courts issue scheduling orders specifically to avoid such dilemmas, and they are intended to be taken seriously." *Pennington Partners, LLC v. Midwest Steel Holding Co.*, 271 F.R.D. 462, 464 (D. Md. 2010). Accordingly, the City will not be afforded additional discovery or an additional opportunity to rebut Unisys's damages expert through affirmative testimony.

---

[3] This ruling is consistent with several cases in this circuit where, after balancing the *Southern States* factors, courts have not automatically excluded the non-disclosing party's expert witness pursuant to Rule 37(c). *See Pennington Partners, LLC v. Midwest Steel Holding Co.*, 271 F.R.D. 462, 464–65 (D. Md. 2010) (declining to strike defendant's untimely supplemental expert disclosures in favor of extending the discovery period so that the plaintiffs could conduct additional discovery, but prohibiting the defendant from conducting additional discovery); *Ace American Insurance Co. v. McDonald's Corp.*, No. GLR-11-3150, 2012 WL 2523883, at *4–5 (D. Md. June 28, 2012) (finding the plaintiff's 26(a)(2) disclosures were untimely and incomplete, but substantially justified or harmless because the litigation was in an early stage, the disclosures were essential to the plaintiff's case, and the discovery period allowed sufficient time to supplement the incomplete disclosures); *Khosmukhamedov v. Potomac Elec. Power Co.*, No. AW-11-449, 2012 WL 1670152, at *3 (D. Md. May 11, 2012) (finding that the plaintiffs' untimely disclosed expert report was harmless because the plaintiffs could cure the failure, the new evidence would not disrupt trial, and the evidence was important to the plaintiffs' case).

An implementing order shall issue herewith DENYING the Defendant's Motion to Strike And/Or Preclude Plaintiff's Rebuttal Experts, but granting the limited schedule modification described herein.


Dated: September 5, 2013 /s/
Stephanie A. Gallagher
United States Magistrate Judge