# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

THE MAYOR AND
CITY COUNCIL OF BALTIMORE,

   Plaintiff,

v.

UNISYS CORPORATION,

   Defendant.

Civil Case No. JKB 12-614

## MEMORANDUM OPINION

This Memorandum Opinion addresses the Motion for Spoliation Sanctions, [ECF No. 59], that Plaintiff the Mayor and City Council of Baltimore ("the City") filed against Defendant Unisys Corporation ("Unisys"). I have reviewed Unisys's Response in Opposition, [ECF No. 69], and the City's reply, [ECF No. 78]. I have also reviewed the July 25, 2013 affidavit of Michael Bierly, [ECF No. 86], the City's Motion to Strike the affidavit, [ECF No. 88], Unisys's Opposition, [ECF No. 90], and the City's Reply, [ECF No. 91]. In addition, this Memorandum Opinion addresses the City's Motion to Compel. [ECF No. 60]. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated below, the City's Motion for Spoliation Sanctions is DENIED, the City's Motion to Strike is DENIED, and the City's Motion to Compel is administratively closed.

   **I.**    **Background**

On February 24, 2012, the City filed a Complaint against Unisys alleging, *inter alia*, breach of contract, breach of express warranties, and intentional misrepresentation. [ECF No. 2]. The City accused Unisys of failing to deliver on a contract for the development of a tax software

system ("Tax Software") that the parties entered into in 2002. See Compl. ¶ 12. Unisys filed a counterclaim alleging breach of contract against the City. [ECF No. 9]. The parties' current dispute centers on Unisys's alleged spoliation of a pre-litigation version of the Tax Software at issue.

On September 13, 2012, the City propounded Interrogatories and Requests for Production of Documents to Unisys, specifically seeking the Tax Software as it existed during testing conducted in October and November 2011 ("Validation Testing"), and all information related to Unisys's testing of the Integrated Property Tax System. Unisys agreed to produce the interim software versions requested and the related documents. Pl. Mot. Spoliation Ex. C.

By February, 2013, Unisys produced the versions of the Tax Software (1.4.45.0 and 1.4.45.1) and the conversion database utilized during Validation Testing. Pl. Mot. Spoliation 5. However, the City ran into a number of issues with the files that prevented it from conducting its own review and analysis of the software. *Id.* The City first questioned why the installation file for version 1.4.45.1 was dated January 13, 2013, instead of late 2011 when the version had been created. *Id.* Ex. D1. Unisys initially responded that the January date was "simply the date the copy of the software was created." *Id.* Ex. D4. Later, Unisys stated that an installation kit for version 1.4.45.1 had to be created in January 2013, because one was not created during the 2011 Validation Testing.[1] *Id.* Ex. I. Next, the City found that it was unable to access the software because of password protections, and Unisys had not initially provided login credentials.[2] *Id.* Ex. D3. Additionally, an "application error" message persistently appeared when the City attempted

---

[1] Of note, in 2011, the Validation Testing was performed on Unisys-owned laptops and using a Unisys-supplied database server. Def. Opp'n Mot. Strike 3.

[2] Unisys provided a username and password to access the software on March 21, 2013. Pl. Mot. Spoliation D6.

to make basic selections in the software. *Id.* Unisys offered to set up a phone meeting between its employees and the City's technical staff to facilitate the City's access to the software. *Id.* Ex. D7. With the additional information from Unisys, the City was able to create a "functioning operating environment" in which to test the software on or about April 8, 2013. *Id.* at 6.

However, after conducting preliminary tests on version 1.4.45.1, the City was unable to recreate responses to database queries that were documented during Validation Testing in 2011. *See id.* at 6-7. The City alleges that three source code files in the 2013 copy of version 1.4.45.1 unexpectedly have different file sizes than the 2013 copy of version 1.4.45.0. *Id.* Ex. G. Unisys contends that the file size discrepancies are a result of several changes made between versions 1.4.45.0 and 1.4.45.1 during Validation Testing, not just the one change that the City acknowledges. Def. Opp'n Mot. Spoliation 8-9. In addition, Unisys claims that all of the 2013 date stamps can be attributed to the fact it needed to create an installation kit in 2013 for the software to work on the City's computers. *Id.* at 9-10. Finally, Unisys believes that the City's reports of numerous inconsistencies in the software's performance between 2011 and 2013 occurred because of "undisciplined, ad hoc testing" in 2011 and similarly problematic testing in 2013. *Id.* at 10-17.

On July 18, 2013, I issued an order requiring Unisys to produce an affidavit confirming whether an unadulterated copy of Tax Software version 1.4.45.1 resided in its software library. [ECF No. 85]. Unisys submitted an affidavit from Michael Bierly, its contractor, in response. [ECF No. 86]. Mr. Bierly attested that source code changes for 1.4.45.1 were uploaded to Unisys's Team Foundation Server on October 28, 2011, and that the files in question, or "change set," show no modification dates subsequent to the Validation Testing. Bierly Aff. ¶ 7, July 25, 2013. He further states that temporary updates were made to separate, ancillary files, including

changes to an Excel template and a stored procedure, during the Validation Testing. *Id.* at ¶ 8. Mr. Bierly does not provide the precise modification dates for those ancillary files.

Subsequently, the City filed a Motion to Strike Mr. Bierly's affidavit, alleging that it was an improper surreply and not in compliance with the court order. [ECF No. 88]. In summary, the City maintains its allegation that the observed inconsistencies in the performance of version 1.4.45.1 between 2011 and 2013, the file size discrepancies, and the date stamps indicating modification subsequent to the Validation Testing prove that Unisys has undertaken to intentionally destroy or at least obstruct its access to key evidence in the case.

## II. Motion to Strike

The City argues that Mr. Bierly's entire affidavit should be stricken from the record because it does not comply with this Court's order, and is an improper surreply. Surreplies are heavily disfavored under the Local Rules of this Court. See Local Rule 105.2 (D. Md. 2011) ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."). While Mr. Bierly may have included unnecessary background in his affidavit, I have disregarded those paragraphs. The remaining paragraphs indicate that Unisys has the capability to provide an unadulterated copy of version 1.4.45.1 dated October 28, 2011, and further, has maintained a detailed enough record of the Tax Software project in its software library so that an outside observer can verify the substance of the changes made during Validation Testing and determine whether further edits were made to the source code after the testing was terminated. *See* Bierly Aff. ¶ 6-8. Thus, Mr. Bierly's affidavit constitutes a sufficient response to the July 17, 2013 court order, and will not be stricken.

### III. Motion for Spoliation Sanctions

Spoliation is "the destruction or material alteration of evidence or . . . the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). "The right to impose sanctions for spoliation arises from a court's inherent power to control the judicial process and litigation, but the power is limited to that necessary to redress conduct 'which abuses the judicial process.'" *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)). When imposing spoliation sanctions, "the trial court has discretion to pursue a wide range of responses both for the purpose of leveling the evidentiary playing field and for the purpose of sanctioning the improper conduct." *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995).

The City contends that Unisys spoliated the allegedly deficient version of the Tax Software at issue and that significant sanctions, including default judgment against Unisys or an adverse inference instruction to the jury, are therefore warranted. Unisys avers that it did in fact provide the software version in dispute, and further, did not destroy or alter the software used during the Validation Testing.

Generally, the party asserting spoliation of evidence bears the burden of proof. *Williams v. Klem*, 3:07-CV-1044, 2010 WL 3812350, at *1 (M.D. Pa. Sept. 22, 2010) (citing *Byrnie v. Town of Cromwell*, *Bd. of Ed.*, 243 F.3d 93, 107-08 (3d Cir. 2001)). In light of Mr. Bierly's affidavit affirming that an unadulterated copy of version 1.4.45.1 still exists, the City has not established that the files have been destroyed or materially altered. Spoliation, therefore, has not occurred. However, the files have not been submitted to the City in a format allowing the City to recreate the issues encountered during the Validation Testing on its own computers. The parties are therefore ordered to meet and confer in person within ten (10) days of the date of this

Memorandum Opinion to address the issues that the City has encountered with version 1.4.45.1. The purpose of the meet and confer is to determine how the City, with Unisys's technical assistance, can reconstruct the 2011 testing environment, verify that the 2011 interim software files remain available, and verify that the 2013 copy of software version 1.4.45.1, encompassing the source code and any ancillary files, is a true facsimile of the 2011 interim software.[3] The parties should provide a joint written report to this Court on or before **September 30, 2013,** summarizing the results of the meet and confer, including both a list of the participants and the duration of the meeting. The City's motion for spoliation sanctions [ECF No. 59] is DENIED without prejudice. The City may refile its motion if the parties jointly determine there is no technically feasible way to recreate the testing environment and the documented results of the Validation Testing.[4]

## IV. Motion to Compel

Finally, the City filed a Motion to Compel in May, 2013, seeking documents and communications that Unisys asserts are protected from discovery under the work-product and attorney-client privileges. [ECF No. 60]. Unisys asked that the Motion to Compel be held until it had the opportunity to respond to the City's Motion for Sanctions. [ECF No. 61]. Because the parties' court-ordered meet and confer may resolve some or all of the underlying issues, I will administratively close the Motion to Compel.

The work-product doctrine "confers a qualified privilege on documents prepared by an attorney in anticipation of litigation." *Solis v. Food Emp'rs Labor Relations Ass'n*, 644 F.3d

---

[3] If the parties determine that the 2013 copy in fact differs from the 2011 version as a result of the modifications needed to run the software on the City's computers, the parties should explore how to allow the City to work with the unadulterated 2011 software.

[4] If there are no feasible alternatives, the parties should explore allowing the City supervised use of Unisys computers to conduct new testing.

221, 231-32 (4th Cir. 2011). "Materials prepared in the ordinary course of business or pursuant to regulatory requirements or for other non-litigation purposes do not constitute 'documents prepared in anticipation of litigation' protected by work[-]product privilege." *Id.* at 232. Rather, the entity asserting the work-product privilege must prove that the documents at issue were "prepared *because* of the prospect of litigation." *Nat'l Union Fire Ins. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 984 (4th Cir. 1992). Much like the attorney-client privilege, the resisting party bears the burden of "demonstrating the applicability of the privilege to specific documents." *Solis*, 644 F.3d at 233.

The City argues that the documents and communications in dispute were created as part of ongoing testing by Unisys to investigate and document failures and irregularities in the Tax Software for purposes of fulfilling its contractual obligation. Pl. Mot. Compel 14-15. In contrast, Unisys contends that it "conducted certain activities and investigations and responded to certain information requests in anticipation of and because of litigation[,]" specifically an investigative review, financial investigation, and documentation of litigation expenses, and that the documents and emails fall within the purview of work-product protection. Def. Opp.; Aff. Anne H. Warner, Esq. ¶¶ 5-9.

The City seeks the fruits of Unisys's technical review at least in part, if not primarily, because it has been unable to conduct its own review of the software. Whether the Tax Software functions properly is "at the heart of the City's breach of contract claim, the City's fraud claim, and Unisys's counter-claim." Pl. Mot. Compel 7. If and when the City is able to conduct its own review of the software, there likely will be no "substantial need" sufficient to overcome

attorney work-product immunity.[5]  "Even when documents and tangible things are prepared in anticipation of litigation or for trial, to the extent they do not involve the mental impressions, conclusions, opinions, or legal theories concerning the litigation, they may be discoverable on a showing of 'substantial need.'" *Nat'l Union Fire Ins. Co.*, 967 F.2d at 984-85.  While a general policy guards against allowing discovery of documents created in anticipation of litigation, that policy "may be outweighed by a showing based on the document's relevance and importance to the issues in the litigation and the unavailability of the facts in the documents from other sources." *Id.* at 985.  However, I cannot find that the City is unable to obtain the substantial equivalent of Unisys's technical review before knowing the outcome of the meet and confer, and before knowing whether the City will be able to access the software as it existed during Validation Testing.

Therefore, the Motion to Compel will be administratively closed, subject to reopening as described below.  After the meet and confer, if disputes remain over the work-product protection that should be afforded to some or all of the documents and communications in question, the City should submit a letter, not to exceed two single-spaced pages, summarizing the nature of the ongoing discovery dispute, its position on the dispute, and the specific relief sought.  Unisys will then have the opportunity to submit an Opposition to the City's letter, and the City may submit a Reply.  The existing briefing on the Motion to Compel will also be considered.

A separate order is entered herewith.

Dated: September 10, 2013

/s/
Stephanie A. Gallagher
United States Magistrate Judge

---

[5] This Memorandum Opinion should not be read to suggest that Unisys's disputed documents are properly governed by attorney work-product privilege.  That determination will be made, if necessary, after the parties' meet and confer.