# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THE MAYOR AND CITY COUNCIL OF BALTIMORE, | * * * |
| Plaintiff, | * * |
| v. | * Civil Case No. JKB-12-614 |
| UNISYS CORPORATION, | * * * |
| Defendant. | * * |

## MEMORANDUM OPINION

This Memorandum Opinion addresses the Motion to Quash, or Alternatively, Limit Third Party Subpoena, [ECF No. 106], that Defendant Unisys Corporation ("Unisys") filed against Plaintiff, the Mayor and City Council of Baltimore ("the City"). I have reviewed the City's Response in Opposition [ECF No. 107], and Unisys's Reply [ECF No. 109]. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated below, Unisys's Motion will be DENIED.

I. **BACKGROUND**

The present discovery dispute arises from a subpoena that the City served on a third party, Thomson Reuters, on May 29, 2013. *See* Def.'s Mot. Ex. 1, [ECF No. 106-2]. Thomson Reuters is the parent company of Manatron, a Unisys subcontractor, and the "developer and provider" of the software used for the Baltimore City integrated property tax system ("IPTS"). Pl.'s Resp. 3. The City sought to obtain, by way of the subpoena, documents and electronically stored information pertaining to Manatron's work on the Baltimore City IPTS contract, and other documents related to Manatron's "MVP Tax" software. *See* Def.'s Mot. Ex. 1, [ECF No. 106-2].

1

Thomson Reuters agreed to produce hard copy documents related to the Baltimore City IPTS contract, and documents related to a contract involving Unisys, Manatron, and Jefferson County, Alabama. *See* Def.'s Mot. 4; Pl.'s Resp. 3. The City never provided prior notice to Unisys of its subpoena on Thomson Reuters. *See* Pl.'s Resp. 3 (stating "[a]lthough the City concedes that it may have inadvertently neglected to serve formal notice of the subpoena on Unisys…"). Rather, counsel for Thomson Reuters informed Unisys of the subpoena before it produced the responsive documents. Def.'s Mot. 4. Unisys requested that the City allow a delay of the production until Unisys had a reasonable period of time to review the documents intended for production. *See* Def.'s Mot. Ex. 3, [ECF No. 106-4]. On September 23, 2013, Thomson Reuters provided the City with the requested documents pertaining to the Baltimore City IPTS contract. Def.'s Mot. 4; Pl.'s Mot. 3. Unisys did not object to that production. Def.'s Mot. 4. However, after reviewing the documents related to the Jefferson County project, Unisys objected to production on the basis that the documents were irrelevant and outside the scope of permissible discovery. *See* Def.'s Mot. Ex. 4, [ECF No. 106-5]. The parties were unable to resolve the dispute on their own, and Unisys filed the instant motion.

II. **ANALYSIS**

As a threshold matter, this Court must decide whether Unisys has standing to object to the subpoena served on Thomson Reuters. "Generally, to have standing to challenge a subpoena, a person must assert his own legal interests." *AGV Sports Group, Inc. v. Protus IP Solutions, Inc.*, No. RDB-08-3388, 2010 WL 1529195, at *5 (D. Md. April 15, 2010). A party does not have standing to challenge a subpoena issued to a third party "unless the party claims some personal right or privilege in the information sought by the subpoena." *U.S. v. Idema*, 118 Fed. App'x 740, 744 (4th Cir. 2005). "Absent this showing, the party lacks standing and the motion

must be denied without reaching the motion's merits." *Robertson v. Cartinhour*, No. AW-09-3436, 2010 WL 716221, at *1 (D. Md. Feb. 23, 2010). Unisys contends that, "it has a personal right in the discovery sought from Thomson Reuters…" because it seeks to protect against the disclosure of certain "confidential, non-public commercial documents between Unisys and its subcontractor for a project other than the Baltimore IPTS project." Def.'s Reply 2-3. Unisys does not explain the nature of the documents, aside from stating that they are private, and relate to commercial matters between Unisys and its subcontractor. Nevertheless, courts in this Circuit have granted a party standing to file a motion to quash a third-party subpoena, where the party demonstrated a personal right in the proprietary and confidential information being sought. *See In re C.R. Bard, Inc. Pelvic Repair Sys. Products Liab. Litig.*, 287 F.R.D. 377, 383 (S.D. W. Va. 2012) (finding that the defendant had standing to file a motion to quash on the basis of the defendant's assertion that the third-party's production would result in the disclosure of "confidential and proprietary documents."); *Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 441 n.12 (D. Md. 2012) (finding standing where the subpoena sought documents related to the plaintiff's services and products with its patent agent, as well as documents related to intellectual property, trade secrets, and other proprietary information); *AGV Sports Group, Inc.*, 2010 WL 1529195 (finding that the defendant had standing to challenge the third-party subpoena because the documents that were the subject of the subpoena included internal documents regarding the defendant's operations, technology, purchase history, and documents identifying the defendant's employees). Under those standards, Unisys has asserted its "own legal interests," so as to confer standing to challenge the subpoena. *See AGV Sports Group, Inc.*, 2010 WL 1529195, at *5.

Turning to the merits of the motion, Unisys asserts that the City's subpoena is an attempt to circumvent this Court's March 22, 2013 discovery order, which found, in part, that an

3

interrogatory propounded by the City sought irrelevant information. *See* [ECF No. 47]. The original interrogatory sought information regarding the implementation or attempted implementation of "the same or substantially similar" software used for the Baltimore City IPTS project, in other jurisdictions. *Id.* This Court concluded that such information was irrelevant, "except as it pertains to problems associated with the implementation of the *same* software that was used for the Baltimore City project." *Id.* (emphasis added). In adhering to the Court's order, the City appropriately asked Unisys to identify "(1) any instances of implementation or attempted implementation of the MVP Tax software in any other jurisdictions where said implementation was unsuccessful, (2) whether or not there was litigation regarding the implementation of this specific software, and (3) identify any documents concerning your response." Pl.'s Resp. Ex. 1, [ECF No. 107-1]. (Letter dated March 28, 2013 from counsel for the City to counsel for Unisys). In response, citing an earlier version of the interrogatory, Unisys stated that, "it has not implemented or attempted to implement the same software in any other jurisdiction."[1] *See* Def.'s Mot. Ex. 2, [ECF 106-3]; Pl.'s Resp. 3. Unisys now objects to the City's subpoena to Thomson Reuters on the grounds that it seeks irrelevant information about tax software in Jefferson County.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…" Fed. R. Civ. P. 26(b)(1). "Relevance is thus the foundation for any request for production, regardless of the individual to whom a request is made." *Cook v. Howard*, 484 Fed. App'x. 805, 812 (4th Cir. 2012). "[R]elevance for discovery purposes is viewed more liberally than relevance for evidentiary purposes" *United Oil Co., Inc. v. Parts*

---

[1] It is fair for the City to consider the term "same software" in my March 22, 2013 order to mean the "MVP Tax" software, because a flaw in that software would impact any implementation, even if the software were later customized for different jurisdictions. In light of this clarification, Unisys should determine whether to supplement its interrogatory responses to accurately address the interrogatory as amended in the City's March 28, 2013 letter.

4

*Assocs., Inc.*, 227 F.R.D. 404, 409, and "[t]he benchmark employed by the district court is whether the requested information appears 'reasonably calculated to lead to the discovery of admissible evidence.' " *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992) (quoting Fed. R. Civ. P. 26(b)(1)). Trial courts have "broad discretion" on relevancy matters. *Id.*

The City points to several documents to demonstrate that the Jefferson County documents are relevant to the present action. The Statement of Work for the Baltimore City IPTS project notes that, "MVP is the beginning application architecture for incorporating the administration of all tax types under one integrated system…" Pl.'s Resp. Ex. 5, [ECF No. 107-5]. The Statement of Work also notes that the "Manatron MVP Tax software application will be integrated with the taxpayer and billing databases." *Id.* An email from the Director of the Unisys Integrated Tax Center of Excellence states that the "two applications" for the Baltimore and Jefferson County tax projects are "RMS and Manatron's MVP application." Pl.'s Resp. Ex. 4, [ECF No. 107-4]. Additionally, conference call notes and meeting agenda notes jointly refer to the Jefferson County and Baltimore City projects in discussions concerning a "common architecture for a unified product," "common cashiering interface for Baltimore, Jefferson, and future efforts," and "jointly proposed solutions for Baltimore and Jefferson County." Pl.'s Resp. 6. At the very least, these documents establish that the MVP tax software was used in both the Jefferson County and Baltimore City projects. What remains unclear is to what extent, if at all, the two projects were individually customized to fit the needs of their respective jurisdictions. Such an inquiry is appropriate for discovery. Customization, however, does not detract from the fact that the MVP tax software was the base application for both the Baltimore City and Jefferson County projects, which suggests that the programs shared enough of a common scheme to make

documents concerning the failed implementation of the software in Jefferson County relevant to the failed implementation in Baltimore City.

Unisys next argues that the City's subpoena is invalid because it failed to comply with the notice requirement of Rule 45 of the Federal Rules of Civil Procedure. *See* Def.'s Mot. 5. Rule 45(b)(1) states in relevant part that, "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party." Fed. R. Civ. P. 45(b)(1). The purpose of the notice requirement "is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things." Fed. R. Civ. P. 45 Advisory Committee Notes. Upon a finding that notice was not given, "courts can either strike the subpoenas or allow the affected parties the opportunity to object." *Pagán-Colón v. Walgreens of San Patricio, Inc.*, 264 F.R.D. 25, 28 (D.P.R. 2010); *see also Biocore Medical Technologies, Inc. v. Khosrowshahi*, 181 F.R.D. 660, 668 (D. Kan. 1998). "Delayed service alone, however, is not a basis to quash a subpoena. The objecting party must also demonstrate prejudice." *Malinowski v. Wall Street Source, Inc.*, No. 09 Civ. 9592 (JGK)(JLC), 2010 WL 4967474, at *2 (S.D.N.Y. Nov. 23, 2010).

The City does not dispute that it failed to notify Unisys of its subpoena. *See* Pl.'s Resp. 3. Counsel for Unisys received notice of the subpoena on August 21, 2013, nearly three months after the subpoena was served on Thomson Reuters. *See* Def.'s Mot. Ex. 3, [ECF No. 106-4] (email dated August 22, 2013 from Unisys's counsel to the City's counsel, stating that it received a copy of the subpoena materials "yesterday"). Despite the lack of notice, Unisys has suffered no prejudice. Indeed, Thomson Reuters never produced the Jefferson County documents because Unisys objected to their production. Unisys received copies of the documents related to

the Jefferson County project on September 26, 2013, and has since withheld production on the basis that the documents are commercially sensitive and irrelevant.[2] *See* Def.s Mot. Ex. 4, [ECF No. 106-5]. Given the lack of cognizable prejudice, quashing the motion is inappropriate.

Finally, Unisys argues that the documents are commercially sensitive and should be excluded from discovery. Rule 45 permits a court to quash or modify a subpoena if the subpoena requires disclosure of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(c)(3)(B)(i). This provision corresponds to Rule 26 (c)(1)(G) (formerly 26(c)(7)), which permits a party to move for a protective order to protect against "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G); Fed. R. Civ. P. 45 Advisory Committee Notes. "Documents that are not privileged, but that are confidential, are more appropriately produced subject to a protective order." *Richardson v. Sexual Assault/Spouse Research Ctr., Inc.*, 270, F.R.D. 223, 227 (D. Md. 2010). The City contends that a confidentiality agreement is already in place to address "any as of yet identified commercially sensitive concerns." Pl.'s Resp. 9. If Unisys believes that additional measures are required to protect the Jefferson County documents, it should confer with the City about modifying the confidentiality agreement and, if necessary, seek an appropriate protective order. Accordingly, Unisys's arguments regarding confidentiality are unavailing.

---

[2] The City argues that Unisys has failed to timely object to production because 45 days passed from August 21, 2013, the date Unisys received notice of the subpoena, to October 4, 2013, the date Unisys first noted its objections to production. *See* Pl.'s Resp. 10-11. However, the City fails to appreciate that Unisys did not receive the Jefferson County documents that Thomson Reuters intended to produce until September 26, 2013. *See* Def.s Mot. 4. Indeed, in an email dated August 22, 2013, counsel for Unisys stated to the City's counsel that he was in receipt of the subpoena materials, which did not include the actual documents intended for production. *See* Def.'s Mot. Ex. 3, [ECF No. 106-4] (email dated August 22, 2013, 4:04 PM, stating "When I mentioned that I had the subpoena materials, I meant that I just had a copy of the subpoena itself (no documents)"). It is apparent, therefore, that Unisys was not in possession of the Jefferson County documents when it first received notice of the City's subpoena.

An implementing order shall issue herewith DENYING Unisys's Motion to Quash, or Alternatively, Limit Third Party Subpoena described herein.


Dated: November 21, 2013                                         /s/
                                                         Stephanie A. Gallagher
                                                         United States Magistrate Judge