FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 DEC -9 PH 3:05

CLERK'S OFFICE
AT BALTIMORE
_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE MAYOR AND CITY COUNCIL     *
OF BALTIMORE,
    *

**Plaintiff**     *

v.     **CIVIL NO. JKB-12-614**
    *

UNISYS CORPORATION,     *

**Defendant**     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM & ORDER

Now pending before the Court is Plaintiff's motion for the Court to reconsider (ECF No. 203) the order granting Defendant's motion for summary judgment with regard to Count V (Intentional Misrepresentation), (ECF No. 202). For the reasons explained below, Plaintiff's motion to reconsider will be DENIED.

Plaintiff's motion to reconsider argues that the Court failed to comprehensively assess the merits of Plaintiff's false representation claim. Specifically, Plaintiff contends that the Court only considered the first of three distinct allegedly false representations, all of which were made by Defendant on or about March 22, 2011[1]: (1) that Defendant had performed a successful System Test; (2) that Defendant had resolved all "Priority A" issues; and (3) that the System was ready for Acceptance Testing (collectively, the "Alleged Misrepresentations").

All three Alleged Misrepresentations suffer from the same fatal flaw: In response to Defendant's well-supported motion (ECF No. 170), Plaintiff fails to set out specific facts

---

[1] In a prior order, the Court limited Plaintiff's claim of intentional representation to only those alleged statements made "on or about March 22, 2011." (ECF No. 18.)

1

showing a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c)(1); *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). Indeed, Plaintiff fails to produce more than a scintilla of evidence, direct or circumstantial, from which a reasonable jury could conclude that Defendant had actual knowledge of, or was recklessly indifferent to, any Alleged Misrepresentation. Plaintiff alleges that Defendant continued to test and add functionality to the System in May and September 2011, months after making the three Alleged Misrepresentations. (*See* ECF No. 203 at 6-7, 11-12.) Plaintiff's argument fails for the same reason it did one month ago, when the Court granted Defendant's motion for summary judgment: Plaintiff again does not proffer evidence to suggest that Defendant knew—on or about March 22, 2011—that there were unsolved Priority A issues or that the System was not ready for Acceptance Testing. Defendant's *later* efforts to assess and improve the System, subsequent to making the Alleged Misrepresentations, *do not* imply that Defendant had knowledge of the System's failings when it made the Alleged Misrepresentations. At most, this evidence suggests that Defendant conducted a poor assessment of the System on or about March 22, 2011. Maybe Defendant's alleged post-March 22 conduct, and inferences that might be drawn from it, amount to a scintilla of evidence supporting Plaintiff on this issue, but certainly no more than that. It is insufficient to get the claim to a jury.

On the record before the Court, no reasonable jury could find that Plaintiff provides the requisite clear and convincing evidence of knowledge of falsity to survive Defendant's motion for summary judgment.

Accordingly, Plaintiff's motion to reconsider (ECF No. 203) is DENIED.

DATED this __9__ day of December, 2014.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
United States District Judge